# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| DAVID J. GEORGE, THERESA ANN THOMAS, CAROL LYNN THOMAS, NORMAN J. THOMAS, ANNA MARIE RHEINGROVER, ALEX C. GEORGE, CHARLES T. GEORGE AND JAMES H. GEORGE, THE INTESTATE HEIRS OF JOHN J. THOMAS, DECEASED, | : No. 11 WM 2017<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Petitioners | :<br>:<br>: |
| v. | :<br>:<br>: |
| HONORABLE JOHN D. MCBRIDE AND HONORABLE HARRY E. KNAFELC, OF THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA, | :<br>:<br>:<br>:<br>: |
| Respondents | : |

## ORDER

**PER CURIAM**

    **AND NOW**, this 18th day of May, 2017, the Application for Leave to File Original Process and the Application for Leave to File a Reply are **GRANTED**.

    Upon consideration of the "Petition for Vacation of Order Appointing Judge and for Proper Appointment of Judge Pursuant to the Rules of Judicial Administration," and as the President Judge has recused himself from considering this case, the December 28, 2016 order appointing a new presiding jurist is **VACATED**.

    It appears that Petitioners have invoked a rule that facially does not apply, as it is limited to regional administrative units. *See* Pa.R.J.A. 701(E)(2). Nevertheless, since

the appointing judge has otherwise recused himself, the better practice is that he should not be involved in any further discretionary decision-making in this matter. *See, e.g., Sun Exploration & Production Co. v. Jackson*, 729 S.W.2d 310, 312 (Tex.App. 1987) (explaining that a constitutionally disqualified jurist cannot take "any action in a cause that requires the exercise of judicial discretion"); *see also Nelson v. State*, 626 So.2d 121, 125 (Miss. 1993) (reasoning that, as the participation of a recused jurist in the selection of his or her replacement "may itself raise questions of impropriety," such a practice is to be avoided); *Stern Bros., Inc. v. McClure*, 236 S.E.2d 222 (W.Va. 1977) (finding that that a jurist who had voluntarily disqualified himself should not have participated in the selection of his replacement).

Pursuant to its supervisory authority, this Court shall appoint an out-of-county judge. *Cf.* Pa.R.J.A. 701(C)(2) (explaining the process by which assignment of another jurist is made in order "to serve the interest of justice").

The Emergency Amendment to Petition is **DISMISSED**.

The Prothonotary is **DIRECTED** to strike the names of the jurists from the caption.